UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRE PACHECO,

                       Plaintiff,

 v.                                                       9:09-CV-614
                                                               (NAM/ATB)

BRIAN FISCHER, *et al.*,

                       Defendants.

---

## REPORT AND RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c). In this civil rights complaint, plaintiff alleges that Commissioner Brian Fischer of the New York Department of Correctional Services ("DOCS") is somehow responsible for the alleged use of excessive force by Correction Officers Wilson, Martin, and Devlin. (*See* Compl. ¶ 14). Plaintiff seeks substantial monetary relief. Before the court is defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 47). Plaintiff filed a letter response. (Dkt. No. 57). For the following reasons, this court finds that the complaint may be dismissed as to defendant Fischer because he was not personally involved in any alleged violation of plaintiff's constitutional rights.

**I.    Facts and Contentions**

Plaintiff alleges that on February 12, 2007, defendants Wilson, Martin, and Devlin, officers at Clinton Correctional Facility ("Clinton") assaulted plaintiff, smashing his head against a wall, which resulted in plaintiff suffering seizures.

(Compl. ¶¶ 7–11). Consequently, plaintiff allegedly suffered extreme headaches and required numerous neurological tests, increased dosages of anti-seizure medication, additional anti-seizure medication prescriptions. (Compl. ¶ 13). Plaintiff alleges that the use of excessive force is the result of Commissioner Fischer's failure to provide proper training and supervision. (Compl. ¶ 14).

## II.     Summary Judgment

Defendants argue that defendant Fischer was not personally involved in the alleged constitutional deprivations. (Dkt. No. 47). Plaintiff has responded in opposition to the motion, stating "I stand by my petition." (Dkt. No. 57).

Summary judgment may be granted when the moving party carries its burden of showing the absence of a genuine issue of material fact. Fed. R. Civ. P. 56[1]; *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) (citations omitted). Ambiguities or inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the summary judgment motion. *Id*. However, when the moving party has met its burden, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

In meeting its burden, the party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying the

---

[1] Rule 56 was extensively amended, effective December 1, 2010. As the Advisory Committee Notes indicate, "the standard for granting summary judgment remains unchanged." The revised rule explicitly adopts procedures relating to summary judgment motions "consistent with those already used in many courts."

portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56 (c)(1)(A).  Where the nonmovant bears the burden of proof at trial, the moving party may show that he is entitled to summary judgment by either (1) pointing to evidence that negates the nonmovant's claims or (2) identifying those portions of the nonmovant's evidence that demonstrate the absence of a genuine issue of material fact. *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006) (citing *Celotex Corp.*, 477 U.S. at 323);  Fed. R. Civ. P. 56 (c)(1).  The second method requires the movant to identify evidentiary insufficiency, not merely to deny the opponent's pleadings. *Id*.

   If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Id*. "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude summary judgment." *Salahuddin v. Coughlin*, 674 F. Supp. 1048, 1052 (S.D.N.Y. 1987) (citation omitted). A dispute about a genuine issue of material fact exists if the evidence is such that "a reasonable [fact finder] could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### III. Personal Involvement

#### A. Legal Standards

Personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and *respondeat superior* is an inappropriate theory of liability for any constitutional claim. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). In *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir. 1986), the Second Circuit detailed the various ways in which a defendant can be personally involved in a constitutional deprivation, and thus be subject to individual liability.

A supervisory official is personally involved if that official directly participated in the infraction. *Id.* The defendant may have been personally involved if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong. *Id.* Personal involvement may also exist if the official created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue. *Id.* Finally, a supervisory official may be personally involved if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id.* See *Iqbal v. Hasty*, 490 F.3d 143, 152–53 (2d Cir. 2007), *rev'd on other grounds sub nom. Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937 (2009) (stating that defendant could be liable under section 1983 if he failed to remedy constitutional violation after learning of it or was grossly negligent in managing subordinates who caused violation); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

### B.     Application

Plaintiff's causes of action focus on defendant's alleged failure to train and manage New York State Department of Corrections ("DOCS") employees.  (Compl. ¶ 14).  Plaintiff claims there was a link between the alleged lack of training and the alleged use of excessive force by staff at Clinton.  However, he alleges no facts that support a plausible connection between training and supervision at the Commissioner's level and the incidents described in his complaint.  During his deposition, plaintiff admitted that Commissioner Fischer had no direct involvement, but was in a position of authority and could "maybe have them be trained correctly."  (Pl.'s Dep. p. 7).  Plaintiff's conclusory allegations that defendant Fischer failed to properly train staff and supervise employees at one of the many facilities in his Department is not enough to establish his personal involvement in the violations alleged by plaintiff.  *See, e.g., Murphy v. Goord*, 445 F. Supp. 2d 261, 264-65 (W.D.N.Y. 2006) (complaint, which essentially regurgitates the relevant "personal involvement" standard, without offering any facts indicating that, or how, the DOCS Commissioner was personally involved in a constitutional violation, cannot withstand dismissal) (citing, *inter alia*, *Houghton v. Cardone*, 295 F. Supp. 2d 268, 276 (W.D.N.Y. 2003) (dismissing complaint containing conclusory allegations that county sheriff "(1) failed to adequately train or supervise the officers; (2) knew about and tolerated the officers' allegedly unlawful behavior; and (3) 'failed to institute a proper system of review and reprimand' of his deputies so as to prevent the types of unlawful acts alleged here," since complaint offered no factual basis to support these

allegations); *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 269 (E.D.N.Y. 2009) (plaintiff must plead sufficient factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged).  Because defendant Fischer was not personally involved in any investigation of the incident plaintiff mentions, defendants' motion for summary judgment should be granted, and plaintiff's complaint should be dismissed as to Commissioner Fischer.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion for summary judgment (Dkt. No. 47) be **GRANTED**, and the complaint **DISMISSED WITH PREJUDICE** as to defendant Brian Fischer.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: January 19, 2011

Hon. Andrew T. Baxter
U.S. Magistrate Judge